```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARK SKIBA,

                Plaintiff,

vs.                                     Case No.  2:08-cv-316-JES-SPC

THE TERMINEX INTERNATIONAL COMPANY
LIMITED LIABILITY PARTNERSHIP, a
foreign corporation doing business
in Florida,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #8) filed on April 25, 2008. Plaintiff filed a Response (Doc. #12) on May 19, 2008.

Plaintiff filed a one-count Complaint (Doc. #2) in state court and defendant removed the case to federal court on the basis of diversity jurisdiction. The Complaint alleges that defendant wrongfully terminated plaintiff's employment in violation of the Florida Whistle Blower Protection Act, and demands a jury trial. (Doc. #2, pp. 1-3.) Defendant filed an Answer denying plaintiff's allegations and setting forth a number of affirmative defenses. (Doc # 6.)

The question of whether a right to a jury trial has been waived is governed by federal law. Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1577 (11th Cir. 1990)(citing Simler v. Conner, 372 U.S. 221 (1963)).  Waivers of valid jury demands

"should be scrutinized with utmost care." Haynes v. W.C. Caye & Co., 52 F.3d 928, 930 (11th Cir. 1995). The Eleventh Circuit has not determined which party has the burden to prove the validity of the waiver. Accord Allyn v. W. United Life Assurance Co., 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004).

The parties agree that they entered into an Employment Agreement (Doc. #8-2, p. 1) and an Arbitration Agreement (Doc. #8-2, p. 2). The pertinent portion of the Employment Agreement provides:

> **Agreement to Mediate and Arbitrate**. The Employer and Employee agree that, to the fullest extent permitted by law, any and all disputes between them will be submitted to mediation upon terms mutually agreeable to both parties. In the event the parties do not resolve such controversies through mediation, then the Employer and Employee agree that, to the fullest extent permitted by law, any and all controversies between them will be submitted for resolution to binding arbitration in accordance with the attached Arbitration Agreement, which is incorporated herein by reference. The parties understand and agree that in the event mediation is unsuccessful, then arbitration will be the exclusive forum for resolving disputes between them, including statutory claims and all disputes arising out of the employment relationship and the termination of such relationship. The Employer and Employee expressly waive their entitlement, if any, to have controversies between them decided by a court or jury. The attached Arbitration Agreement is incorporated herein.

(Doc. #8-2, p. 1.) The Arbitration Agreement provides that the parties agree to arbitration "instead of a court or jury," and that "Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury. (Doc. #8-2, p. 2.)

It is clear that both parties have waived the provisions relating to mediation and arbitration.  An arbitration agreement is waived when a party substantially participates in litigation to a point inconsistent with the intent to arbitrate and, in doing so, prejudices the other party.  <u>Ivax Corp. v. B. Braun of Am.</u>, 286 F.3d 1309, 1315 (11th Cir. 2002); <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n</u>, 62 F.3d 1356, 1366 (11th Cir. 1995); <u>S & H Contractors, Inc. v. A.J. Taft Coal Co.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990).  Plaintiff filed the Complaint in state court, therefore eschewing both mediation and arbitration.  Defendant filed an Answer and Affirmative defenses without ever filing a motion to compel mediation or arbitration.  Having chosen to litigate, the parties have waived the requirement of mediation and arbitration and its concomitant waiver of trial by the court or a jury.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #8) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   24th   day of July, 2008.

JOHN E. STEELE
United States District Judge